# NO. 12-08-00171-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN RE: MICHAEL KENNEDY,* *RELATOR* | § § § | *ORIGINAL PROCEEDING* |

_____

## *MEMORANDUM OPINION*

Michael Kennedy seeks a writ of mandamus requiring either the Anderson County District Clerk or the Judges of the 3rd and 349th Judicial District Courts of Anderson County to issue service of citation in his civil rights suit (trial court cause number 3-40741). We dismiss Kennedy's petition for lack of jurisdiction in part and deny it in part.

The Texas Legislature has not conferred authority on the courts of appeals to issue writs of mandamus generally. Each court of appeals or justice of a court of appeals may issue writs of mandamus to enforce the jurisdiction of the court. TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004). Also, each court of appeals for a court of appeals district may issue writs of mandamus against a judge of a district or county court in the court of appeals district or the judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district. *Id.* § 22.221(b). Kennedy has not shown that a writ of mandamus directed to the district clerk is necessary to enforce our jurisdiction. Therefore, the facts Kennedy has alleged do not establish that he is entitled to the requested relief.

Generally, a party seeking mandamus relief against a trial court cannot prevail absent a showing that the trial court abused its discretion and appeal is an inadequate remedy. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex.1992). We have been unable to locate any authority for the proposition that the respondent trial courts have a duty to issue citation. *See* TEX. R. CIV. P. 99(a). ("Upon the filing of the petition, the clerk, when requested, shall forthwith issue a citation and

deliver the citation as directed by the requesting party. The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition."). Therefore, the respondent trial courts' failure to do so cannot constitute an abuse of discretion. *See Walker*, 827 S.W.2d at 839-40. Because Kennedy has not shown an abuse of discretion by the named trial courts, he has not established that he is entitled to the requested relief. *See id.* at 839.

The portion of Kennedy's petition seeking a writ of mandamus directed to the Anderson County District Clerk is ***dismissed for want of jurisdiction***. The portion seeking a writ of mandamus directed to the trial courts is ***denied***. Kennedy further requests that this court appoint a different judge to hear and decide his civil rights suit. We do not have the authority to assign judges. *See* TEX. GOV'T CODE ANN. §§ 74.056, 74.057 (Vernon 2005). Accordingly, we overrule Kennedy's request.

              **BRIAN HOYLE**
                Justice

Opinion delivered May 21, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

2